```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


CHRISTOPHER D. WATHERN,              )
                                     )
             Petitioner,             )
                                     )
        v.                           )    No. 4:07-CV-464-FRB
                                     )
DAVE DORMIRE,                        )
                                     )
             Respondent.             )
```

**MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Christopher D. Wathern's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2554. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition for failing to exhaust available state remedies.

**The petition**

Petitioner, an inmate at the Jefferson City Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his January 8, 2004 conviction, following a guilty plea, for resisting arrest and unlawful use of a weapon, imposed by the Circuit Court of St. Louis County,

Missouri. Petitioner did not appeal from the judgment of conviction or seek post-conviction relief. In the instant action, petitioner asserts that his guilty plea and sentence were unconstitutional, because of his "incompetence at the time of the offense and the proceeding."

Upon review of the instant petition, the Court finds no indication that petitioner has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. As such, it appears that petitioner has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking

federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 3rd day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE